# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

BARBARA WRIGHT,  )
 )
    Plaintiff,  )
 )
v.  )  Case No. CIV-17-221-HE
 )
NANCY A. BERRYHILL, Acting  )
Commissioner of Social Security  )
Administration,  )
 )
    Defendant.  )

## REPORT AND RECOMMENDATION

Plaintiff, Barbara Wright, seeks judicial review of the Social Security Administration's denial of disability insurance benefits (DIB) and supplement security income (SSI). This matter has been referred by Chief United States District Judge Joe Heaton for proposed findings and recommendations. *See* 28 U.S.C. §§ 636(b)(1)(B), 636(B)(3); Fed. R. Civ. P. 72(b). The Commissioner has filed the Administrative Record (AR), and both parties have briefed their respective positions.[1] For the reasons set forth below, it is recommended that the Commissioner's decision be affirmed.

## I.    Procedural Background

The Administrative Law Judge (ALJ) reviewed this matter on remand from this Court. The Court previously found a remand was required because in the ALJ's first decision, dated June 4, 2013, *see* AR 722-740, the ALJ failed to follow the "special technique" required by agency regulations when evaluating a claimant's mental impairments and, therefore, did not properly address Plaintiff's mental impairments. *See* AR 703-713.

---

[1] Citations to the parties' submissions reference the Court's ECF pagination.

On remand, the ALJ issued an unfavorable decision dated December 14, 2016, finding Plaintiff was not disabled and, therefore, not entitled to DIB and SSI. AR 654-668. Plaintiff did not seek further review before the Appeals Council nor did the Appeals Council assume jurisdiction of the matter. Therefore, the ALJ's decision constitutes the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.984(d); 416.1484(d) (in cases on remand from the federal district court, "[i]f no exceptions are filed and the Appeals Council does not assume jurisdiction of your case, the decision of the administrative law judge becomes the final decision of the Commissioner after remand").

## II. The ALJ's Decision

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining process); *see also* 20 C.F.R. §§ 404.1520, 416.920. The ALJ first determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2015, and had not engaged in substantial gainful activity since April 1, 2014, the alleged amended onset date. AR 657.

At step two, the ALJ determined that Plaintiff suffers from the following severe impairments: osteoporosis with chronic back pain and hip pain, degenerative disc disease of lumbar spine and neck, status post left shoulder injury, migraine headaches, obesity, depression, and anxiety. AR 657. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1. AR 658-660.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding that she could perform less than the full range of light work.[2] Specifically, the ALJ found Plaintiff can only do the following:

> [O]ccasionally stoop, kneel, and crouch; perform no more than occasional overhead reaching with her left shoulder; understand and remember simple instructions, but not detailed instructions; experience only occasional interaction with the general public.

AR 660.

At step four, the ALJ determined Plaintiff is not capable of performing her past relevant work. AR 666. At step five, relying on the testimony of a vocational expert (VE), the ALJ found Plaintiff could perform other work, including representative occupations of housekeeping/cleaner, merchandise marker and routing clerk, and that these jobs exist in significant numbers in the national economy. AR 667. Therefore, the ALJ concluded that Plaintiff was not disabled for purposes of the Social Security Act. *Id.*

## III. Claims Presented for Judicial Review

Plaintiff brings the following claims for judicial review: (1) "[t]he ALJ erred at step five by failing to include or further consider all of the severe impairments he found at step two of the [RFC]"; and (2) the ALJ conducted an improper analysis of the "special technique." *See* Ms. Wright's Brief in Chief [Doc. No. 17] (Pl.'s Br.) at pp. 2, 9. For the reasons set forth below, the Court finds no grounds for reversal of the Commissioner's decision.

## IV. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the

---

[2] *See* 20 C.F.R. §§ 404.1567(b) 416.967(b) (setting forth requirements for light work)

correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

Plaintiff bears the burden of proof at steps one through four of the sequential evaluation process to establish a prima facie case of disability. *Wells v. Colvin*, 727 F.3d 1061, 1064 n. 1 (10th Cir. 2013). If Plaintiff meets this burden, the burden of proof shifts to the Commissioner at step five to show that Plaintiff retains a sufficient RFC to perform other work that exists in significant numbers in the national economy. *Id.*

**V.      Analysis**

The precise errors raised by Plaintiff are somewhat unclear.[3] What is clear is Plaintiff's contention that the ALJ did not consider her anxiety and migraine headaches when determining

---

[3] For example, as set forth above, Plaintiff's first claim of error is that "the ALJ erred when his step 5 findings failed to reflect proper consideration of his step 2 findings." *See* Pl.'s Br. at p. 2. But Plaintiff fails to identify any error at step five. Instead, Plaintiff's argument focuses on alleged errors the ALJ made in making the RFC determination -- a step-four determination.

4

Plaintiff's RFC. Plaintiff further contends the ALJ did not properly apply the special technique because he did not "tie his conclusions to his analysis." *See* Pl.'s Br. at p. 9.

### A. The ALJ's RFC Determination

In challenging the ALJ's RFC determination, Plaintiff claims the ALJ failed to account for her migraine headaches and mental impairments. Specifically, Plaintiff claims: "[e]ven though the ALJ found headaches and anxiety were severe impairments there were insufficient corresponding limitations for them in the RFC or, alternatively, an explanation of why they really were not that severe or had no impact on work in RFC." *See* Pl.'s Br. at p. 4. According to Plaintiff, "the ALJ failed to include any limitations in RFC for all of the severe impairments he *did* find" and "*did not engage in any analysis* of other mental or physical functions and how they may be impacted (or not) by Ms. Wright's medically determinable mental impairments." *Id*. at p. 6 (emphasis in original).

Plaintiff does not support this argument with any citation to the record evidence or otherwise explain how the evidence renders the ALJ's RFC determination flawed. *Cf. Razo v. Colvin*, 663 F. App'x 710, 717 (10th Cir. 2016) (rejecting claimant's testimony regarding frequency of therapeutic appointments that would allegedly preclude gainful employment where claimant did not "attempt to substantiate his claim with the medical records" and declining to "search the voluminous administrative record" to ascertain whether testimony was substantiated); *Kirkpatrick v. Colvin*, 663 F. App'x 646, 649 (10th Cir. 2016) (rejecting claimant's contention that RFC did not fully account for his visual limitations where he did not explain how the RFC failed to account for those limitations and "it isn't [the court's] obligation to search the record and construct a party's arguments."). Significantly, Plaintiff points to no record evidence of functional limitations resulting from her migraines and mental impairments not otherwise included in the

5

RFC determination.[4] It is well-established that "[t]he mere diagnosis of a condition does not establish its severity or any resulting work limitations." *Paulsen v. Colvin*, 665 F. App'x 660, 666 (10th Cir. 2016). Thus ALJ was not required to include any limitations in the RFC unless the record supported those imitations.

Moreover, Plaintiff's claim is belied by the ALJ's thorough analysis of the evidence. Notably, Plaintiff ignores the ALJ's findings based on the medical evidence demonstrating that when compliant with her medication regime, Plaintiff's depression, migraine headaches and anxiety improved. AR 661 (discussing record evidence and concluding that "with medication compliance, the claimant's mental impairments remain adequately controlled for her to work above the SGA level"); *see also* AR 664 (addressing migraine headaches and objective testing showing MRI scans of the brain and neck as normal). Plaintiff also ignores the ALJ's finding that Plaintiff "never sought any mental health counseling or required any mental health hospitalizations." *Id*.

The ALJ also adequately explained his reasons for discounting Plaintiff's hearing testimony regarding the nature and frequency of her panic attacks, anxiety, headaches and depression. AR 660-61. The ALJ found that Plaintiff's "alleged 15 panic attacks per month are not supported in the medical evidence of record and [Plaintiff] did not mention anxiety during the previous hearing." AR 661. *Cf. Barnhill-Stemley v. Colvin*, 607 F. App'x 811, 817 (10th Cir. 2015) (ALJ properly discounted claimant's descriptions of the severity and disabling effect of her

---

[4] In fact, Plaintiff makes only three citations to the record – two of the three citations are duplicative references to her hearing testimony from the first administrative hearing conducted on March 28, 2013. *See* Pl.'s Br. at p. 4. At that hearing, Plaintiff stated that she suffers from headaches two or three times per month. AR 40, 752. Plaintiff also cites her list of medications showing that she takes Maxalt, *see* AR 253, which Plaintiff describes as a "well-known migraine medication." *See* Pl.'s Br. at p. 4.

limitations based on "lack of medical evidence to support the subjective nature of her reported symptoms and discrepancies between her statements and the medical evidence"). The ALJ discussed the record evidence and concluded that it "fails to document sufficient valid, objective medical evidence to substantiate the degree of functional limitations alleged by the claimant." AR 665. Plaintiff does not challenge the ALJ's credibility findings.

In sum, the ALJ fully supported his RFC determination with proper citation to the medical evidence of record and stated reasons for discounting Plaintiff's own subjective complaints. *Cf. Boswell v. Astrue*, 450 F. App'x 776, 779 (10th Cir. 2011) (ALJ's decision clearly showed that ALJ considered claimant's headache complaints when formulating RFC where ALJ summarized claimant's hearing testimony regarding headaches and reviewed the medical record related to headaches and their treatment, but pain attributable to headaches did not demonstrate claimant was precluded from substantial gainful employment). Plaintiff points to no contradictory evidence that would render the ALJ's decision unsupported by substantial evidence. *Cf. McAnally v. Astrue*, 241 F. App'x 515, 518 (10th Cir. 2007) (finding RFC determination proper where the claimant did not "identify any additional" limitations that should have been included or discuss any evidence that would support the inclusion of additional limitations). Nor does Plaintiff identify any legal error. Instead, Plaintiff merely contends the ALJ did not make adequate findings, but Plaintiff's contention is readily belied by the ALJ's thorough analysis. The Court concludes the ALJ's decision is supported by substantial evidence and any claim of factual and/or legal error urged by Plaintiff lack merit.[5]

---

[5] Plaintiff purports to also challenge the hypotheticals presented to the VE. *See* Pl.'s Br. at p. 11. But as Defendant correctly points out, this challenge is not a separate claim "but merely a rehash of her argument challenging the ALJ's residual functional capacity." *See* Br. in Support of the Commissioner's Decision [Doc. No. 21] (Def.'s Br.) at p. 14 n. 6 (*citing Rutledge v. Apfel*, 230 F.3d 1172, 1175 (10th Cir. 2000) ("[C]laimant argues that the ALJ's hypothetical to the VE at the

B.     The Special Technique

Governing regulations require the ALJ to apply what is referred to as the "special technique" for evaluating the severity of mental impairments by rating a claimant's impairment in four functional areas. *See* 20 C.F.R. §§ 404.1520a, 416.920a (describing special technique). The ALJ applied the special technique and determined Plaintiff had no more than mild limitations in activities of daily living; moderate difficulties in the areas of social functioning and of concentration, persistence, and pace; and no episodes of decompensation. AR 658-59.

Plaintiff faults the ALJ, claiming his decision fails to identify the evidence the ALJ relied upon to reach his special technique findings. *See* Pl.'s Br. at p. 10 ("Here, we have the degree of limitations without knowing what the ALJ specifically considered when arriving at each conclusion."). But as the Commissioner points out, Plaintiff's claim of error is readily refuted by the record. *See* Def.'s Br. at p. 7.

The ALJ's decision fully and completely discusses the evidence relied upon to evaluate the severity of the four functional areas required by the special technique. *See* AR 659 (discussing nature of Plaintiff's daily activities; ability to get along with others including authority figures; activities including reading mystery novels, playing games on her computer and ability to pay attention for "a long time" demonstrating her ability to concentrate; and lack of evidence demonstrating any episodes of decompensation). Plaintiff does not make any attempt to address the ALJ's thorough findings nor does Plaintiff identify any finding that is either unsupported or contradicted by the record. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those of [the claimant's] contentions that have been

---

second hearing was flawed . . . . [This argument] again challenges the ALJ's RFC determination, which we have already upheld. Because the ALJ's hypothetical included all of the limitations he properly determined claimant to have, there was no error.").

adequately briefed for our review."). Thus, Plaintiff's claim of error premised on the ALJ's purported failure to follow the special technique is wholly lacking in merit and should be denied.

## RECOMMENDATION

It is recommended that the Commissioner's decision be affirmed.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by October 16, 2017. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the Chief District Judge in this matter.

ENTERED this 2nd day of October, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE